## JONES *vs.* THE STATE, *in Error.*

Upon an indictment for burglariously breaking and entering a dwelling-house, and stealing goods therein, the prisoner may be convicted of the burglary, if the larceny be proved.

And in such case it is not necessary to allege an intent to steal; as proof of the larceny is sufficient evidence of the intention.

WRIT OF ERROR, to reverse a judgment of the court of common pleas.

At the January term, in the year 1839, of the court of common pleas for this county, the plaintiff in error was indicted for burglary.

The indictment set forth that the said Jones, in the night-time of the 14th day of January, 1839, broke and entered the house of one Coffin, at Alton, and stole therefrom a silver watch.

Upon this indictment the prisoner was tried in the common pleas, convicted, and sentenced to imprisonment for life.

Afterwards, this writ of error was brought, and the following error, among others, was assigned, viz.

"That the indictment does not allege any intent with which the said Jones broke and entered the said dwelling-house."

*Gove,* attorney general, for the state.

*Hale,* for the prisoner, cited the following authorities: 2 *Hawk. P. C.* 164; 1 *Raym.* 2; 2 *Hale P. C.* 336; 6 *East* 474; 2 *Burr.* 1037; 5 *Rep.* 122; 4 *Ditto* 42; 11 *Ditto* 37; 2 *East P. C.* 474; 2 *T. R.* 687; 2 *Hawk. P. C.* 354; 1 *Mass.* 516; 4 *C. & P.* 571; 10 *B. & C.* 89; 1 *Bacon's Abr.* 336; 1 *Hawk.,* ch. 39, §17.

GILCHRIST, J. The prisoner is indicted for breaking and entering a dwelling-house, in the night time, and stealing;

and the only question is, whether the indictment should have alleged an intent to steal.

The further allegation of an intent to steal would not have vitiated the indictment; for we have held, in accordance with all the authorities, that the indictment may allege a breaking and entering with intent to steal and an actual stealing. *State* vs. *Squires, ante* 37.

But it seems to be well settled by the authorities, that in an indictment for burglary, the allegation and proof of the stealing are sufficient, without an averment of an intent to steal.

In the case of *Rex* vs. *Furnival, Russ. & Ryan* 445, the indictment charged the prisoner with burglariously breaking and entering a dwelling-house, and stealing. The burglary and the larceny were both proved, and the prisoner was found guilty.

Mr. Justice Park, before whom the prisoner was tried, took the opinion of the judges upon the question, whether the omission of the words, "with intent to steal," would vitiate the indictment ; and all the judges were of opinion that upon an indictment in this form the prisoner might well be convicted of the burglary, if the stealing were proved ; *secus,* if not ; but that it was better to charge the intent to steal, according to Hale's advice—1 *Hale P. C.* 559 ; so that, if the theft be unsupported, the prisoner may still be convicted on his evil intention.

There are many cases in the books, from an examination of which it would seem that this form has been followed without exception being taken for the reason now given.

Thus in the case of *Rex* vs. *Comer,* 1 *Leach C. C.* 43, where the prisoner was indicted for breaking and entering and stealing, it was held by nine judges unanimously, that where the felony was laid to constitute the burglary, and not the intention to commit the felony, the acquittal of the felony included an acquittal of the burglary also.

So in the case of *Rex* vs. *Butterworth & als., Russ. & Ryan*

520, it was held that upon an indictment for burglary and larceny, against two, one may be found guilty of the burglary and the stealing, and the other of the stealing only.

And it is held that where an actual stealing is charged in burglary, it must be proved, and proof of an intent to steal is not sufficient. It is necessary to ascertain with exactness the felony actually intended, and it must be laid in the indictment, and proved, agreeably to the fact. Thus, where upon an indictment for burglary and larceny in stealing goods, it has appeared that there were no goods stolen, but that the burglary was with intent to steal, it has been holden that the indictment was not supported by the evidence. 2 *East P. C.*, ch. 15, § 25, p. 514, *Vandercomb's case ; Abbott's case,* 2 *Leach* 717.

Where the indictment charges a burglary, with intent to commit a felony, it will be supported by evidence of a felony actually committed ; and it seems sufficient in all cases, where a felony has actually been committed, to allege the commission of it, as that is sufficient evidence of the intention. 1 *Hale P. C.* 560 ; 2 *East P. C.* 514 ; *Roscoe's Crim. Evi.* 281.

We are, therefore, of opinion that the indictment is not defective.

*Judgment affirmed.*